**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR BELL,

                Petitioner,                             Case Number: 06-CV-15086

v.                                                 HON. ARTHUR J. TARNOW

CAROL HOWES,

                Respondent.

                                              /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND REQUIRING SUPPLEMENTAL PLEADINGS**

Petitioner Arthur Bell is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan pursuant to convictions for first-degree felony murder and possession of a firearm during commission of a felony. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss on the ground that the petition was not timely filed. Also before the Court is Petitioner's Motion for Appointment of Counsel.

### I. Background

Following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree premeditated murder, felony murder, and felony firearm. On July 3, 1989, he was sentenced to life imprisonment for each of the murder convictions, with the premeditated murder sentence being vacated, and two years imprisonment on the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals and a motion to remand for a hearing on the claim that trial counsel was ineffective. The Michigan Court of

Appeals granted the motion to remand for an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. People v. Bell, No. 120770 (Mich. Ct. App. Apr. 23, 1990).

The trial court conducted an evidentiary hearing on May 31, 1990. At the conclusion of the evidentiary hearing, the trial court judge issued her finding that trial counsel was not ineffective. The matter was then returned to the Michigan Court of Appeals, which affirmed Petitioner's convictions. People v. Bell, No. 120770 (Mich. Ct. App. Sept. 2, 1992).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which denied leave to appeal. People .v Bell, 442 Mich. 877 (Mich. 1993).

Petitioner filed the pending petition for a writ of habeas corpus on October 31, 2006.

## II. Equitable Tolling

Respondent argues that the petition is barred from habeas review because it was filed outside the one-year statute of limitations. In response, Petitioner argues that the limitations period should be equitably tolled because he is actually innocent.

Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." Souter v. Jones, 395 F.3d 577, 600 (6th Cir.2005). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" Souter, at 590, *quoting* Schlup, 513 U.S. at 317.

2

The Court has reviewed the trial transcripts, state court appellate records, and the materials submitted by Petitioner. The Court also has reviewed Respondent's Motion to Dismiss, which simply states, in a one-sentence argument, that the Court should deny equitable tolling. Based upon this review, the Court finds that Petitioner's actual innocence claim is deserving of further consideration. The Court, therefore, will require supplemental briefs as set forth below.

### III. Appointment of Counsel

Petitioner has filed a Motion for Appointment of Counsel. A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). Given that the Court has ordered supplemental briefs, the Court finds the interests of justice require the appointment of counsel in this matter.

### IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Petitioner's Motion for Appointment of Counsel [dkt. #43] is GRANTED. The Federal Defender Office, 613 Abbott Street, 5th Floor, Detroit, Michigan, 48226, telephone number (313) 967-5542, is APPOINTED to represented Petitioner in this case. Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.

IT IS FURTHER ORDERED that Petitioner, through appointed counsel, file a supplemental brief within SIXTY DAYS from the date of this Order addressing (i) the actual innocence claim; (ii) Petitioner's diligence in seeking habeas relief; (iii) whether the evidence asserted by Petitioner to support his actual innocence claim is "new evidence;" and (iv) any other issues pertinent to the resolution of the petition. Petitioner may also seek leave to amend his petition should appointed counsel determine that additional issues not previously raised in the petition should be added by amendment.

IT IS FURTHER ORDERED that Respondent file a response to Petitioner's supplemental brief within THIRTY DAYS from receipt of Petitioner's supplemental brief.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 19, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary