# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ARTHUR BELL,

        Petitioner,                                    Case Number: 2:06-CV-15086

v.                                                     HON. ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S "MOTION FOR LEAVE TO AMEND *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS AND TO STAY FEDERAL HABEAS PROCEEDINGS" AND ADMINISTRATIVELY CLOSING CASE

Petitioner Arthur Bell filed a *pro se* petition for a writ of habeas corpus challenging his convictions for felony murder and felony firearm. He also sought appointment of counsel. On December 19, 2007, the Court granted Petitioner's Motion for Appointment of Counsel, appointing the Federal Defender Office to represent Petitioner and to investigate and prepare a brief regarding Petitioner's actual innocence claim and any other issues pertinent to the resolution of the petition. Now before the Court is Petitioner's "Motion for Leave to Amend *Pro Se* Petition for Writ of Habeas Corpus and to Stay Federal Habeas Proceedings" (Motion to Amend and Stay).

In his Motion to Amend and Stay, Petitioner's counsel states that, through his investigation of claims relevant to the petition, he has discovered material evidence relevant to Petitioner's defense and habeas petition which previously has been withheld from Petitioner. Petitioner argues that this newly discovered evidence is relevant to Petitioner's case because it corroborates another witness's testimony that Petitioner had no involvement in the murder.

Petitioner asks for leave to amend his petition to include a claim that the state violated *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner also asks the Court to stay further habeas proceedings so that he may return to state court to exhaust his unexhausted *Brady* violation claim.

Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.  The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (citations omitted).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)

In this case, Respondent does not oppose the Motion to Amend and Stay.  The delay in seeking to amend the petition is not due to Petitioner's negligence or lack of diligence.  Further, allowing amendment will not prejudice Respondent.  Therefore, the Court will allow amendment of the petition.

Petitioner also seeks a stay in this matter because the newly-added claim has not been

exhausted in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claim was not presented in state court because it is newly discovered. The Court finds that Petitioner has asserted good cause for failing previously to present this claim in state court. In addition, the Court finds that this claim is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court shall grant the request and stay further proceedings in this matter pending Petitioner's exhaustion of his unexhausted claim.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions

3

of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Leave to Amend *Pro Se* Petition for Writ of Habeas Corpus and to Stay Federal Habeas Proceedings" is **GRANTED**.

If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  December 29, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 29, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary