UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL,

        Petitioner,                      Case Number: 2:06-CV-15086

v.                                        HON. ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

**ORDER SCHEDULING EVIDENTIARY HEARING, DENYING
PETITIONER'S *PRO SE* MOTIONS WITHOUT PREJUDICE AND
DIRECTING RESPONDENT TO FILE ADDITIONAL RULE 5 MATERIALS**

      This is a habeas case under 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree felony murder and possession of a firearm during the commission of a felony. The Court appointed counsel to represent Petitioner and the matter was temporarily stayed while Petitioner returned to state court to present an unexhausted claim. The matter has now been reopened, Petitioner has filed an amended petition, and Respondent has filed an answer to the amended petition. For the reasons explained below, the Court finds that an evidentiary hearing is necessary for a fair adjudication of Petitioner's claim that the prosecution withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

      On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct. 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

"Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

The Court first reviews the history of Petitioner's case in state court to determine whether Petitioner was diligent in his attempt to develop the factual record for his *Brady* claim.

Counsel for Petitioner represents that, during his investigation for the pending habeas petition, materials were provided to him from the Detroit Police Department's file related to the investigation of the homicide of which Petitioner was convicted. Petitioner alleges that portions of the file had not previously been produced to him or defense counsel. He argues that the withheld documents are material, exculpatory, were suppressed by the state, and that he suffered prejudice as a result of their suppression. Petitioner argues that the withheld materials also demonstrate that the police in this case failed to conduct an adequate investigation.

Upon discovery of the new evidence, Petitioner sought and received a stay of these habeas proceedings to return to state court to exhaust this claim. Petitioner filed a motion for relief from judgment in the trial court, raising the *Brady* claim and seeking an evidentiary hearing. The trial court denied the motion without addressing the request for an evidentiary hearing. *People v. Bell*, No. 89-003844 (Wayne County Cir. Ct. May 7, 2009).

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Bell*, No. 292248 (Mich. Ct. App. Sept. 3, 2009); *People v. Bell*, 485 Mich. 1101 (Mich. Feb. 26,

2010).

Petitioner provided the state courts "the first opportunity to review [his *Brady* claim] and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his claim in state court despite diligent effort." *Williams*, 529 U.S. at 437. The Court concludes that Petitioner diligently sought to develop the factual record for his claim in state court.

Second, an evidentiary hearing may be held only if the alleged constitutional violation, if established, is sufficient to warrant the issuance of the writ. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). Petitioner raises a substantial, potentially meritorious *Brady* claim. The Court cannot decide before hearing testimony adduced at the evidentiary hearing whether the evidence is material and exculpatory or whether Petitioner was prejudiced by the failure to produce it. Because Petitioner's claim, if established, may warrant habeas corpus relief, the Court finds the interests of justice warrant an evidentiary hearing on the *Brady* claim.

Petitioner also has filed several *pro se* motions. The Court finds Petitioner's *pro se* pleadings confusing and unnecessary given that counsel has been appointed. The Court will deny the *pro se* motions without prejudice to counsel's right to file any non-frivolous motions.

Finally, Rule 5 of the Rules Governing Section 2254 cases requires that, as part of its answer, respondent file a copy of any prior decisions, pleadings, briefs, and transcripts necessary to adjudicate the issues presented. Respondent has filed the state court record related to Petitioner's direct appeal. Respondent has not filed the state court record related to Petitioner's applications for collateral review. The Court requires Respondent to do so.

Accordingly, IT IS ORDERED that Petitioner's request for an evidentiary hearing is GRANTED. An evidentiary hearing shall be conducted in this matter on **Wednesday, August 18, 2010 at 9: 30 a.m.**

IT IS FURTHER ORDERED that Petitioner's "Motion to Subpoena Records Pertaining to Assistant Attorney General Brian O. Neill" [dkt. #102], "Motion to Consider Evidence of Perjury by the Assistant Attorney General" [dkt. #103], "Motion for Release" [dkt. # 114], "Motion to Show Cause" [dkt. # 115], "Motion to Strike" [dkt. # 116] are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondent shall file the state court record related to collateral review proceedings in state court within THIRTY DAYS from the date of this Order.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary