### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ARTHUR BELL,

                Petitioner,                      Case Number: 2:06-CV-15086

v.                                        HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

                Respondent.

_____/

### <u>ORDER DENYING RESPONDENT'S MOTION TO REVOKE BOND</u>

The Court granted Arthur Bell a conditional writ of habeas corpus on December 28, 2010 on two grounds: Bell's rights under *Brady v. Maryland* were violated and Bell's trial counsel rendered ineffective assistance. Approximately one month later, the Court granted Bell's motion for release pending appeal, releasing him on an unsecured bond and with certain restrictions. Respondent has now filed a motion to revoke bond because Bell tested positive for marijuana five times between May and October 2011. Bell filed a response in opposition.

Federal Rule of Appellate Procedure 23(c) states a presumption that a successful habeas petitioner will be released from custody. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). That presumption in favor of release "may be overcome if the traditional stay factors tip the balance against it." *Id.* The factors which may be considered are: (1) whether the State has made a strong showing that it is likely to succeed on the merits; (2) whether the State will be irreparably injured if release on bond is granted; (3) whether failure to release the successful petitioner will substantially injure the petitioner; (4) where the public interest lies, and (5) other factors the Court may consider germane to bail consideration. *Hilton v. Braunskill*, 481 U.S. 770, 776

*Bell v Howes*, 06-15086

(1987).  The Court considered all of these factors, including Bell's criminal and parole history and his record of behavior while incarcerated, in deciding to release Bell on bond.  The Court now considers whether the positive drug tests tip the balance against maintaining Bell's release on bond.

The positive drug tests have no bearing upon the State's likelihood of success on the merits.  The State continues to argue its likelihood of success on appeal despite the Sixth Circuit's indication to the contrary.  The Sixth Circuit Court of Appeals considered many of the same arguments advanced by Respondent in support of the pending motion when it addressed Respondent's motion to revoke bond.  The Sixth Circuit denied the motion and held that the State's prospects of success on appeal were not strong.  *Bell v. Howes*, No. 11-1046 (6th Cir. Feb. 15, 2011).

Additionally, the Supreme Court's recent decision in *Smith v. Cain*, __ U.S. __, __ S. Ct. __, 2012 WL 43512 (Jan. 10, 2012), further lessens the State's likelihood of success on appeal.  *Smith*, although on review from a state court decision rather than from a federal court's decision on habeas review, nevertheless bears remarkable similarities to this case.  Smith was convicted of five counts of first-degree murder.  A single witness, Larry Boatner, linked Smith to the crime.  Boatner testified that he was at a friend's house when Smith and two other gunmen entered the home, demanded money and drugs, and then began shooting.  Five of Boatner's friends were killed.  At trial, Boatner identified Smith as the first gunman to enter the home.  No other witnesses and no physical evidence implicated Smith.  Smith's conviction was affirmed on appeal.  During the pendency of post-conviction proceedings, Smith obtained previously

2

*Bell v Howes*, 06-15086

undisclosed police files.  The police files contained three separate entries from the lead

investigator indicating that Boatner could not identify the perpetrators, had not seen their faces,

and would not know them if he saw them.  Smith asked that his conviction be vacated because

failure to disclose the notes violated *Brady*.  The state courts denied relief.  The Supreme Court

reversed, holding that the failure to disclose Boatner's statements violated *Brady* because the

undisclosed statements plainly contradicted his trial testimony and this testimony was the only

evidence linking Smith to the crime.  *Id.* at *2-3.  The Supreme Court's decision reaffirms the

gravity of the non-disclosure in Bell's case and the unreasonableness of the state court's

decision.  Thus, the Sixth Circuit's order denying Respondent's motion to revoke bond and the

recent *Smith* decision tip the first *Hilton* factor even more heavily in Bell's favor.

Second, the State has not shown that it will be irreparably injured if Bell's release on

bond is continued.  But, revoking Bell's bond during the pendency of his appeal risks irreparable

harm to Bell.  Respondent argues that even if the grant of habeas relief is upheld on appeal, Bell

will not have been harmed by his incarceration because there is no question that he will be re-

arrested and re-prosecuted.  This argument asks the Court to ignore Bell's due process rights.

Under Michigan Court Rules, a judge must make a probable cause determination before an arrest

warrant is issued.  Mich. Ct. R. 6.102(A).  Once a defendant has been arrested, he has a right to a

preliminary examination, following which the state court determines whether the evidence

presented establishes probable cause to believe that a crime has been committed and that the

defendant committed it.  Mich. Ct. R. 6.110(E).  Respondent asks this Court to allow it to

3

*Bell v Howes*, 06-15086

dispense with the process of arresting and prosecuting Bell.  This the Court will not do and the request that it do so is particularly ill-advised where there has been a *Brady* violation.

Respondent further argues that Bell is now in a better position than any other similarly situated offender in the State because other pre-trial detainees charged with first-degree murder are incarcerated.  The *Brady* material raises a very strong case of actual innocence.  Prior to his release on bond, Bell had been incarcerated pursuant to an unconstitutional conviction for over twenty years.  The suggestion that Bell is in a better position than he otherwise would have been exhibits a pronounced and willful disregard for Bell's constitutional rights and for the trauma and indignities inherent in incarceration.

Next, Respondent argues that the public interest lies in revoking bond because Bell presents a danger to the public.  With the exception of a sentence or two related to the positive drug tests, Respondent's support for this argument is identical to that advanced in her motion opposing release on bond pending appeal.  The Court found those arguments unpersuasive upon first consideration and continues to find them lacking.  In particular, the Court did and continues to find certain arguments advanced by Respondent to be distasteful and ill-conceived.  First, Respondent characterizes Bell's "persistent strategy of alleging conspiracies by government officials and accusing virtually everyone involved in the criminal justice system . . . of purposeful deceit and ethical misconduct" as evidence of "disconcerting" "hostility." Respondent's Motion at 14.  The State withheld material, exculpatory evidence in this case.  The reason for that is, at this point, unclear.  Bell's characterization of prosecutors, law enforcement, and others' actions as unethical and purposefully deceitful does not rely upon a logical leap.  His

4

*Bell v Howes*, 06-15086

shotgun approach to alleging conspiracies is not a symptom of his dangerousness. It is an attempt by a man who has steadfastly maintained his innocence to find answers for his decades-long incarceration.

Second, Respondent cites as evidence of Bell's dangerousness the Court's statement at a hearing in November 2010, commending Bell's conduct during the hearing. This argument disingenuously attempts to impart upon the Court's statement a meaning never implied or fairly inferred. At worst, Bell's behavior before this Court involved frequent interruptions to argue a legal or factual point. The Court did not and does not interpret Bell's proclivity for speaking out of turn as hostile or as an ominous indication that he poses a threat to the public at large. Unfortunately, it took decades for Bell to be heard and for the *Brady* material to be uncovered. Bell's intrepid pursuit of justice is no more dangerous than the State's apparent disinterest in the same pursuit.

Finally, the Court does not condone Bell's apparent drug use, but neither does the Court find it sufficient to overcome the presumption that a successful habeas petitioner will be released. Bell is now participating in an outpatient substance abuse treatment program. The Court finds the parole conditions currently in place sufficient to monitor Bell's behavior. The Court further finds Bell not to be a flight risk.

**IT IS ORDERED** that Respondent's Motion to Revoke Bond and Motion to Expedite Consideration of Motion to Revoke Bond are **DENIED**.

S/Arthur J. Tarnow _____
Arthur J. Tarnow
Dated: January 18, 2012          United States District Judge

5

*Bell v Howes*, 06-15086

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary