**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR BELL,

        Petitioner,               Case Number: 2:06-CV-15086

v.                                        HON. ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.

                                 /

## OPINION AND ORDER ON REMAND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Arthur Bell filed a habeas petition in November 2006. He challenged his convictions for first-degree felony murder and possession of a firearm during the commission of a felony. The Court granted a conditional writ of habeas corpus on Bell's claim that the State failed to turn over *Brady* material and that counsel was ineffective in failing to present alibi witnesses. The Court did not address the remaining habeas claims. The Sixth Circuit Court of Appeals reversed and remanded the case for further proceedings consistent with its opinion. *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012). The Court now considers the remaining claims.

### I. Background

Bell was convicted of the first-degree felony murder of William Thompson. The circumstances leading to Thompson's death are detailed at length in this Court's opinion

*Bell v Howes*, No. 06-15086

granting habeas relief and the Sixth Circuit Court of Appeals' opinion and will only be summarized here.

It is undisputed that, on the night of September 22, 1988, Thompson and Priscilla Matthews were in a hotel room in the City of Detroit when, sometime after 10:00 p.m., the motel room door was kicked open and Thompson was carried out of the room, placed in a car, and driven away. A short time later, Thompson was found shot to death in the backseat of a vehicle.

Matthews testified that three men kicked the door open: Bobby Mims, Mark Sylvertooth, and a man known to her only as Chill or Chilly Will. She testified that Mr. Bell was *not* the person she knew as Chill. In contrast, Sylvertooth testified that he and Bell forced their way into the hotel room and abducted Thompson. Sylvertooth testified that Bell ultimately shot and killed Thompson.

Bell was convicted of first-degree felony murder and felony firearm. After filing a direct appeal in state court, he filed a habeas petition here. Respondent moved to dismiss on the ground that the petition was untimely. The Court appointed counsel to represent Bell. Bell's counsel informed the Court that, through his investigation of claims relevant to the petition, he discovered material evidence relevant to Bell's defense and habeas petition which previously had been withheld. Bell sought leave to amend his petition to include a claim that the state violated *Brady v. Maryland*, 373 U.S. 83 (1963), and a stay of further habeas proceedings while Bell returned to state court to exhaust his

*Bell v Howes*, No. 06-15086

unexhausted *Brady* violation claim. The Court granted the motion. After Bell exhausted his *Brady* claim in state court, the Court lifted the stay and held an evidentiary hearing. The Court granted Bell a conditional writ of habeas corpus on his *Brady* and ineffective assistance of counsel claims. On December 19, 2012, the Sixth Circuit Court of Appeals reversed this Court's grant of habeas relief and remanded the case for further proceedings. *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012), *cert. denied* __ U.S. __, 133 S. Ct. 2775 (2013).

Mr. Bell raised five claims in his habeas petition:

I. Conspiracy of my former trial counsel and state prosecutor to deprive me of my Sixth Amendment right to present witnesses, alibi witnesses, etc.

II. Petitioner's imprisonment also resulted from perjured testimony, knowingly used by the state to obtain his conviction.

III. The trial court, Judge Baxter, conspired to deprive Petitioner of a fair and impartial *Ginther* hearing.

IV. Petitioner was denied the effective assistance of appellate counsel where both appellate counsels were a part of the conspiracy.

V. The state withheld evidence material to Petitioner's defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

A portion of Bell's first claim (that counsel was ineffective for failing to call two alibi witnesses) and his fifth claim were decided on the merits. Bell's third claim regarding the *Ginther* hearing was mooted by the evidentiary hearing in this Court. Thus,

*Bell v Howes*, No. 06-15086

on remand, the pending claims are the portion of Bell's first claim not related to alibi witnesses, and Bell's second and fourth claims.

Following remand, the Court granted Bell's motion for an evidentiary hearing and scheduled a hearing. On May 3, 2013, the Court ordered the hearing scheduled for May 17, 2013 adjourned to a date to be determined. Upon further consideration, the Court finds further factual development unwarranted.

## II. Petitioner's Motions

Bell has numerous motions pending before the Court. The Court's decision moots all but one of the motions, Bell's motion to amend the petition. Bell seeks to amend the petition to include a claim that counsel was ineffective in failing to admit evidence of third party culpability at trial. Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The claim Bell seeks to add by amendment has not been raised in state court. A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was

*Bell v Howes*, No. 06-15086

convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). While the exhaustion requirement is not jurisdictional, *Strickland v. Washington*, 466 U.S. 668, 684, (1984), a "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). The Sixth Circuit has held that, when a habeas petitioner presents a motion to amend a petition to include unexhausted claims, "the optimal course of action" is to deny the motion and provide the petitioner with "the option of either proceeding with . . . [the] exhausted claims or withdrawing [the] petition and pursuing [the unexhausted] claim in state court." *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

However, in this case, no state court remedy is available to Bell to exhaust his new claim because he already filed one motion for relief from judgment in state court and does not argue that his claim falls within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. *See* Mich. Ct. R. 6.502(G). Where a petitioner "fails to present his claims to the state courts and ... is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995). The Court, therefore, grants Bell's motion to amend his

*Bell v Howes*, No. 06-15086

petition to include a claim that counsel was ineffective in failing to present evidence of third-party culpability at trial.

### III. Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the great writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (*quoting Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

*Bell v Howes*, No. 06-15086

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not " "an unreasonable application of clearly established Federal law" " for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (*quoting Wright*

7

*Bell v Howes*, No. 06-15086

*v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir.2003) (en banc).

## Discussion

### A. Ineffective Assistance of Counsel Claim Added By Amendment

The Court first considers Bell's claim that counsel was ineffective in failing to present evidence pointing to another suspect in the murder. The Court previously granted habeas corpus relief on the ground that the State violated *Brady* when it failed to turn over police reports showing that the police investigated and interviewed an individual known as Chilly Will or Chill Will in connection with the murder. The Sixth Circuit Court of Appeals reversed, holding that the Wayne County Circuit Court's decision that Bell failed to establish that the police suppressed the reports was reasonable. *Bell,* 703 F.3d at 854. Bell now argues that counsel was ineffective in failing to present evidence the following evidence at trial: the actual existence of a person known as Chill Will; police initially suspected this individual's his involvement in the murder, and police failed to arrange a lineup including Chill Will for Priscilla Matthews' viewing.

In the order conditionally granting habeas relief, the Court noted: "To the extent the [Chill Will] documents were, in fact, produced to defense counsel, Bell has a substantial claim that trial counsel was ineffective in failing to place these documents into

*Bell v Howes*, No. 06-15086

evidence at trial." *Bell v. Howes,* 757 F. Supp. 2d 720, 733 n.5 (E.D. Mich. 2010). Before the Court may address the merits of this claim, the Court must consider Respondent's argument that this claim is procedurally defaulted.

Bell has not raised this ineffective assistance of counsel claim in state court. He may not do so now because, as discussed above, he does not argue and it does not appear that his claim falls within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. *See* M.C.R. 6.502(G)(1) ("one and only one motion for relief from judgment may be filed with regard to a conviction"). "[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). Thus, in order to obtain review of this claim under § 2254, Bell must show cause to excuse his failure to present this claim in state court and actual prejudice or a fundamental miscarriage of justice. *Hannah*, 49 F.3d at 1196. This he cannot do. Bell could have raised this ineffective assistance of trial counsel claim in his motion for relief from judgment. The factual predicate for the claim was known to him and was the basis for his return to state court. On state-court collateral review, Bell argued that the Chill Will documents were never produced. He could have offered an alternative argument that, if the documents were produced, counsel was ineffective in failing to introduce them. He did not.

9

*Bell v Howes*, No. 06-15086

To the extent that Bell argues that his attorney's ineffectiveness on collateral review is cause to excuse his default, this claim is meritless. Generally, ineffective assistance of counsel may establish cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433 (6th Cir. 2006).

In *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912 (2012), the United States Supreme Court carved a narrow exception to this rule, finding that an attorney's complete abandonment of a client in a post-conviction proceeding may constitute cause when it leaves the petitioner unrepresented at a critical time. Maples was convicted in Alabama state court of capital murder and sentenced to death. Two *pro bono* attorneys from a large New York law firm represented him in state court post-conviction proceedings. The two New York attorneys obtained local counsel in Alabama, as required by state law, solely to allow them to appear *pro hac vice* in Alabama courts. The local counsel's role was limited to this nominal role and it was expressly stated that he would have no other involvement in the case. In August 2001, Maples, through his New York attorneys, submitted a petition for post-conviction relief in the trial court. One year later, the New York attorneys left their law firm and could not continue to represent Maples in their new positions. Neither they nor anyone else from their law firm advised Maples of their departure or that they would no longer represent him.

*Bell v Howes*, No. 06-15086

In May 2003, the trial court denied Maples' post-conviction motion. The court clerk mailed the order of denial to counsel of record. The copies addressed to the New York lawyers were returned to the state court. The local counsel received his copy but assumed that, pursuant to their agreement, the New York lawyers would take necessary further action. The time for filing a notice of appeal passed with no notice filed. When Maples learned the deadline had passed, he asked the trial court to reissue its order denying his post-conviction motion and the appellate court to allow him to file a late appeal. Both courts denied the requests.

Maples then filed a habeas corpus petition. The federal district court and court of appeals held that the claims that had been raised in the post-conviction motion were defaulted and that he did not have cause for the procedural default. The Supreme Court reversed based on the "uncommon facts" of Maples' case. *Id*. 132 S. Ct. at 922, 927. The Supreme Court distinguished a post-conviction attorney's negligence from a situation where "an attorney abandons his client without notice, and thereby occasions the default." *Id.* at 922. The Supreme Court stated that "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 923. The Supreme Court found that Maples had cause for his procedural default because neither the New York attorneys nor local counsel operated as Maples' agent during the appeal period and

11

*Bell v Howes*, No. 06-15086

Maples did not know his attorneys had abandoned him, thus preventing him from attempting to "fend for himself." *Id.* at 924–927. The Supreme Court stated:

> Had counsel of record or the State's attorney informed Maples of his plight before the time to appeal ran out, he could have filed a notice of appeal himself or enlisted the aid of new volunteer attorneys. Given no reason to suspect that he lacked counsel able and willing to represent him, Maples surely was blocked from complying with the State's procedural rule.

*Id.* at 927.

In contrast, in this case, Bell was represented by diligent and competent counsel. Even if counsel was incompetent under *Strickland* for failing to raise Bell's ineffective assistance of counsel claim, counsel did not abandon Bell. Counsel's failure to raise a particular claim, even a meritorious one, does not present the "veritable perfect storm of misfortune" visited upon the petitioner in *Maples*, which prompted the narrow exception to the rule that ineffective assistance of counsel on state-court collateral review does not serve as cause to excuse procedural default. 132 S. Ct. at 929 (Alito, J. concurring).

A petitioner who cannot establish cause and prejudice may nevertheless obtain substantive review of a habeas claim if he establishes that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id*. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Sixth Circuit

*Bell v Howes*, No. 06-15086

Court of Appeals reversed this Court's finding that the one-year statute of limitations was tolled by Bell's credible claim of actual innocence. *Bell*, 703 F.3d at 854. The Court of Appeals' decision forecloses Bell's ability to excuse his default based on a fundamental miscarriage of justice. The Court therefore reluctantly finds this likely meritorious claim procedurally defaulted.

### B. Statute of Limitations

Respondent argues that all of Bell's remaining claims are barred by the one-year statute of limitations. Respondent raised the same argument in her response to the original petition. The Court held that, absent equitable tolling, the statute of limitations commenced for Bell's non-*Brady*-related claims on the effective date of the AEDPA and continued to run until it expired on April 24, 1997. The Court further held that Bell raised a credible claim of actual innocence, tolling the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).[1] *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The showing of actual innocence allowed the Court to address the merits of Bell's alibi-related ineffective assistance of counsel claim.

The Court of Appeals reversed this Court's finding that the limitations period was tolled by Bell's claim of actual innocence. *Bell,* 703 F.3d at 855-56. The Court of

---

[1] To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*quoting Schlup v. Delo*, 513 U.S. 298, 327-28, (1995)).

*Bell v Howes*, No. 06-15086

Appeals held that Bell "has [not] proven that his is the extremely rare case for which it is more likely than not that no reasonable juror would have found him guilty. Accordingly, equitable tolling is not appropriate . . ." *Id.* at 855-56.

Respondent argues that, under the law-of-the-case doctrine, the Court must find Bell's remaining claims untimely. The doctrine of the law of the case provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *U.S. v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). The purpose of the law of the case doctrine is twofold: "(1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts." *Id.*, *citing* Moore's Federal practice ¶ 0.404[1] at 118 (1988). While the law of the case doctrine does not divest a court of the power to revisit prior decision of its own or of a coordinate court, "when a superior court determines the law of the case, an inferior court lacks the power to depart from it." *Id.*, n.1. "[W]hen a case has been remanded by an appellate court, the trial court is bound to proceed in accordance with the mandate and law of the case as established by the appellate court." *Hanover Insurance Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (internal quotation marks omitted). *See also Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012) ("Once an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks omitted).

14

*Bell v Howes*, No. 06-15086

Here, the Court of Appeals held that the limitations period was not tolled by Bell's claim of actual innocence. *Bell,* 703 F.3d at 855-56. Under the law-of-the-case doctrine, the Court may not reconsider the timeliness of the remaining claims and these claims are denied as untimely.

### Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). The Court believes that Bell remains incarcerated pursuant to an unjust conviction. The finds that reasonable jurists could debate its denial of habeas corpus relief on each of the claims raised and grants a certificate of appealability as to each of the claims addressed in this opinion.

*Bell v Howes*, No. 06-15086

## IV. Conclusion

The Court GRANTS Bell's Motion to Amend Habeas Petition [dkt. # 214]. The Court GRANTS Certificate of Appealability.

The Court finds that Bell's ineffective assistance of counsel claim added by amendment is procedurally defaulted and that he has not shown cause to excuse his procedural default. The Court holds that the remaining claims are untimely. Accordingly, the Court DENIES the habeas petition and the matter is DISMISSED.

Finally, the Court DENIES AS MOOT the following motions: Motion for Clarification [dkt. #194], Motion to Inquire Why Rule 23(a) and (d) of Rules of Appellate Procedure Was Ignored [dkt. #203], Motion to Compel Discovery [dkt. # 206], Motion to Enlarge on Personal Recognizance [dkt. # 208], Motion for Certification [dkt. # 212], Motion to Extend [dkt. # 213], Motion to Appoint Substitute Counsel [dkt. #215], Motion to Order Petitioner's Counsel to Withdraw [dkt. #218], Motion to Clarify [dkt. # 225], Motion for Order to Show Cause [dkt. # 234], Motion to Transfer [dkt. # 235], Motion to Withdraw Counsel's Motion [dkt. # 238] and Motion for Status Conference [242].

Petitioner is GRANTED leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 23, 2014

*Bell v Howes*, No. 06-15086

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 23, 2014, by electronic and/or ordinary mail.

                         S/Catherine A. Pickles
                         Judicial Assistant