**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR BELL,

                    Petitioner,                      Case Number: 2:06-CV-15086

v.                                           HON. ARTHUR J. TARNOW

CAROL HOWES,

                    Respondent.

_____/

## <u>ORDER</u>

Petitioner Arthur Bell filed a habeas petition in November 2006.  He challenged his convictions for first-degree felony murder and possession of a firearm during the commission of a felony.  The Court granted a conditional writ of habeas corpus on Bell's claim that the State failed to turn over *Brady* material and that counsel was ineffective in failing to present alibi witnesses.  The Court did not address the remaining habeas claims. The Sixth Circuit Court of Appeals reversed and remanded the case for further proceedings consistent with its opinion.  *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012). The Court denied relief on Petitioner's remaining claims.  Now before the Court are Petitioner's "Motion for Order Allowing Petitioner's Counsel to Withdraw and for Appointment of Substitute Counsel;" "Motion for Reconsideration;" "Motion to Order Counsel to Brief this Honorable Court Regarding the Motion for Reconsideration;" "Motion to Hold Notice of Appeal in Abeyance;" "Motion to Supplement Docket Entry;"

and "Motion for a Teleconference."

Petitioner moves to allow his appointed counsel, Joan Ellerbusch Morgan, to withdraw because of a breakdown in the attorney-client relationship. The Court finds a clear breakdown in the attorney-client relationship and grants the motion to withdraw. Petitioner seeks appointment of substitute counsel to represent him on appeal. Given that the matter is now on appeal, the Court denies the request for substitute counsel without prejudice to Petitioner's right to seek appointment of counsel from the Sixth Circuit Court of Appeals.

Petitioner has filed a Motion for Reconsideration, and two related motions: Motion to Order Counsel to Brief this Honorable Court Regarding the Motion for Reconsideration, and Motion to Supplement Motion for Reconsideration. The Court grants Petitioner's Motion to Supplement Motion for Reconsideration. The Court finds additional briefing by counsel to be unnecessary and denies Petitioner's Motion.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Petitioner's motion raises no persuasive arguments for reconsideration. He asserts a claim of actual innocence. This claim was rejected by the Sixth Circuit Court of Appeals. His motion for reconsideration simply reasserts the rejected claim. A motion

2

predicated only upon a disagreement with an earlier ruling fails to allege sufficient grounds upon which to grant reconsideration.  L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

Next, Petitioner has filed a "Motion for a Teleconference Necessary to Clarify New Reliable Evidence Shrouded in Confusing Alias That Obscures the Truth Regarding Chilly Will, Priscilla Matthews' Credibility, and Precludes Proof of Factual Innocence, Absent Clarification Via Teleconference."  "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Petitioner's claims of factual innocence are the subject of his appeal.  Therefore, the Court lacks jurisdiction to consider the issues raised in this motion.

Finally, Petitioner's filed a "Motion to Hold Notice of Appeal in Abeyance pending resolution of his Motion for Reconsideration."  Because the Motion for Reconsideration has been denied, the Court denies this motion as moot.

Accordingly, Petitioner's "Motion for Order Allowing Petitioner's Counsel to Withdraw and for Appointment of Substitute Counsel" [dkt. # 245] is **GRANTED IN PART AND DENIED IN PART**.  Petitioner's request to allow counsel to withdraw is granted, his request for appointment of substitute counsel is denied without prejudice to his right to seek appointment of counsel in the Sixth Circuit Court of Appeals.

3

Petitioner's "Motion to Supplement Motion for Reconsideration Establishing Factual Innocence" [dkt. # 256] is **GRANTED**.

Petitioner's "Motion for Reconsideration" [dkt. # 246]; "Motion to Order Counsel to Brief this Honorable Court Regarding the Motion for Reconsideration" [dkt. # 250]; "Motion to Hold Notice of Appeal in Abeyance" [dkt. # 255] and "Motion for a Teleconference" [dkt. # 257] are **DENIED**.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 28, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 28, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant