**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARTHUR BELL,

                Petitioner,                          Case Number: 2:06-CV-15086

v.                                         HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

                Respondent.

_____/

## <u>ORDER</u>

Petitioner Arthur Bell filed a habeas petition in November 2006. He challenged

his convictions for first-degree felony murder and possession of a firearm during the

commission of a felony. The Court granted a conditional writ of habeas corpus on Bell's

claim that the State failed to turn over *Brady* material and that counsel was ineffective in

failing to present alibi witnesses. *Bell v. Howes*, 757 F. Supp. 2d 720 (E.D. Mich. 2010)

("*Bell I*"). The Court did not address the remaining habeas claims. The Sixth Circuit

Court of Appeals reversed and remanded the case for further proceedings consistent with

its opinion. *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).

On remand, the Court denied the petition and granted a certificate of appealability

(COA). *Bell v. Howes*, 2014 WL 255886 (E.D. Mich. Jan. 23, 2014). The Sixth Circuit

Court of Appeals affirmed the denial of habeas relief. *Bell v. Howes*, 701 Fed. App'x 408

(6th Cir. 2017).

Petitioner has now filed a series of motions in this closed habeas corpus proceeding. As an initial matter, the Court addresses Petitioner's frequent references to and reliance upon the Court's decision in *Bell I*, conditionally granting habeas relief. The Court held that Petitioner raised a credible claim of actual innocence. The Sixth Circuit Court of Appeals reversed the Court's decision. Whether this Court continues to believe in the correctness of its actual innocence finding has no bearing on this matter. The Sixth Circuit's decision is the law of the case.

First, Petitioner has filed a motion to strike and motion to adjudicate pending motions. (Dkt. 322.) The motion will be granted in part and denied in part. Petitioner seeks to strike six motions he filed over the course of several months. Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ... on its own[ ] or [ ] on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). This rule is not to be used by a party to strike its own pleading. *See Traywick v. Hood*, No. 08-00327, 2009 WL 2406173, *1 (S.D. Ala. Aug. 5, 2009). The Court, therefore, construes the motion as a motion to withdraw Petitioner's Motion for Certificate of Appealability (Dkt. 261), Motion for Relief from Judgment (Dkt. 262), Motion to Amend Information to Motion for Relief from Judgment (Dkt. 263), Motion to Amend Information to Motion for Relief from Judgment (Dkt. 264), Motion for Leave for Presentment of Facts (Dkt. 290), and Motion for Leave to File Motion for Default

Judgment (Dkt. 299).  The Court grants Petitioner leave to withdraw these pleadings.  The

remainder of the motion, which seeks adjudication of pending motions, will be denied as

moot.

Next, Petitioner filed four motions for the appointment of counsel. (Dkt. 323, 328,

338, & 341.)  Petitioner has no absolute right to be represented by counsel on federal

habeas corpus review, but a court may appoint counsel to serve the interests of justice.

*See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995);

18 U.S.C. § 3006A(a)(2)(B).  In fact, the Court previously appointed counsel while the

petition was pending in this Court and the Sixth Circuit Court of Appeals granted

counsel's motion to continue representation on appeal.  Because the Court denied habeas

relief five years ago, the Sixth Circuit Court of Appeals affirmed the Court's decision,

and the case is closed, the Court finds no justification for appointing counsel at this time.

Petitioner seeks release on bond.  (Dkt. 321, 327, & 334)  A petitioner may be

released on bond pending a decision on the merits of a habeas corpus petition where the

petitioner shows:  (1) a substantial claim of law, and (2) the existence of "some

circumstance making the [motion for bond] exceptional and deserving of special

treatment in the interests of justice."  *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v.*

*Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  Petitioner may not be released on bond because

his petition has been denied.  The motions for bond will be denied.

Next, Petitioner filed a Motion to Consolidate.  (Dkt. 267.)  He asks this Court to

transfer a civil rights case filed under 42 U.S.C. § 1983 from the United States District

Court for the Western District of Michigan to this Court and to then consolidate the civil rights case and the habeas corpus proceeding. Rule 42 does not provide for the consolidation of cases proceeding in different jurisdictions. *See Italian Colors Restaurant v. American Express Co.*, No. 03-3719, 2003 WL 22682482, *7 (N.D. Cal. 2003) ("Consolidation under Federal Rule of Civil Procedure 42(a) is a device constricted in scope to multiple cases pending in the same district."). This Court may not "take cases out of other jurisdictions in order to consolidate them." *Diez v. Washington Mutual Bank*, No. 09-cv-2390, 2011 WL 4434064, *6 (E.D. N.Y. Sept. 21, 2011). The Court will deny this motion.

Petitioner's remaining pending motions presuppose the existence of a pending habeas corpus proceeding. Since the petition is no longer pending, the Court finds no basis for expanding the record, holding a telephone conference, ordering an evidentiary hearing, or staying the case. (Dkt. 316, 319, 324, 326, 333, 336, & 342.)

Similarly, the Court will deny Petitioner's Motion for Order to Show Cause (Dkt. 339), Motion for Sanctions (Dkt. 340), and Motion Requesting the State Attorneys Concede to Intentionally Suppressing Evidence (Dkt. 343), because the case is closed.

In each of the motions the Court denies today, Petitioner continues to assert his innocence. If Petitioner believes he has new evidence to challenge his state-court convictions, he must seek prior authorization from the Sixth Circuit Court of Appeals to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A). He may not continue to seek review of his convictions in this now-closed case.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion to Strike and for Adjudication of Pending Motions. (Dkt. 322.) The Court construes the motion to strike pleadings as a motion to withdraw, and permits Petitioner to withdraw the following motions: Motion for Certificate of Appealability (Dkt. 261), Motion for Relief from Judgment (Dkt. 262), Motion to Amend Information to Motion for Relief from Judgment (Dkt. 263), Motion to Amend Information to Motion for Relief from Judgment (Dkt. 264), Motion for Leave for Presentment of Facts (Dkt. 290), and Motion for Leave to File Motion for Default Judgment (Dkt. 299). The Court denies as moot the remainder of the motion.

The Court DENIES Petitioner's remaining pending motions. (Dkt. 267, 316, 319, 321, 323, 324, 326, 327, 328, 333, 334, 336, 338, 339, 340, 341, 342, & 343.)

These motions are denied without prejudice to Petitioner's right to move for appointment of counsel, to expand the record, an evidentiary hearing, or for release on bond, if he is at some point granted permission to file a successive habeas petition.

SO ORDERED.

                                                      s/Arthur J. Tarnow

                                                ARTHUR J. TARNOW

                                                UNITED STATES DISTRICT JUDGE

DATED: September 16, 2019