UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL,

        Petitioner,         Case Number: 2:06-15086
                                      Honorable Arthur J. Tarnow

v.

CAROL HOWES,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE TEMPORARY RELEASE FROM CUSTODY (ECF NO. 351)**

Petitioner Arthur Bell filed a habeas petition under 28 U.S.C. § 2254 in November 2006. The Court granted a conditional writ of habeas corpus. *Bell v. Howes*, 757 F. Supp. 2d 720 (E.D. Mich. 2010). The Sixth Circuit Corut of Appeals reversed and remanded to allow the Court to address Bell's remaining claims. *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012). *Bell v. Howes*, 2014 WL 255886 (E.D. Mich. Jan. 23, 2014). The Sixth Circuit Court of Appeals affirmed the denial of habeas relief. *Bell v. Howes*, 701 F. App'x 408 (6th Cir. 2017). Now before the Court is Bell's Motion for Immediate Temporary Relief from Custody. (ECF No. 351.)

Bell's motion concerns the COVID-19 pandemic. Bell seeks immediate, temporary release from the Muskegon Correctional Facility. He claims that he

suffers from diabetes, placing him at increased risk of serious complications or death should he contract the virus. Bell also argues that his substantial claim of actual innocence supports his release and seeks to expand the record to support this claim.

Bell's request for release based upon COVID-19 is unrelated to the claims raised in his habeas corpus petition and, therefore, not properly filed in this presently closed case. *See, e.g., Smith v. Zuercher*, No. 7:08-cv-229, 2009 WL 499112, *4, n.2 (E.D. Ky. Feb. 27, 2009) (petitioner not permitted to "piggy-back" separate, unrelated claims onto habeas petition). To the extent Bell seeks relief under 28 U.S.C. § 2241 or 42 U.S.C. § 1983, he must proceed in a new, separate action.

Bell's claim of actual innocence challenges the fact of his confinement. Bell already filed a habeas corpus petition challenging his convictions and the petition was denied on the merits. He may not file a successive petition without prior authorization from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Ordinarily, the Court would transfer this motion to the Court of Appeals. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer a successive petition filed without authorization to the Court of Appeals). The Court need not do so here because, in May 2020, Bell filed a motion for authorization to file a successive habeas petition in the Court of

Appeals based upon the same actual innocence claim raised in this motion. *See In re: Arthur Bell*, No. 20-1487. The motion remains pending in the Sixth Circuit.

Accordingly, the Petitioner's Motion for Immediate Temporary Release from Custody (ECF No. 351) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

                                                        s/Arthur J. Tarnow
                                                        ARTHUR J. TARNOW
                                                        UNITED STATES DISTRICT JUDGE

Dated: June 19, 2020