UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL,

        Petitioner,                      Case Number: 2:06-15086
                                                      Honorable Arthur J. Tarnow

v.

CAROL HOWES,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
(ECF No. 346) AND TRANSFERRING MOTION TO REOPEN HABEAS
PROCEEDINGS (ECF No. 348) TO SIXTH CIRCUIT COURT OF APPEALS**

On September 16, 2019, the Court issued an order adjudicating numerous motions filed by Michigan state prisoner Arthur Bell in this closed habeas corpus proceeding. *See* (ECF No. 344.) Now before the Court are Petitioner's motion for reconsideration and motion to reopen habeas corpus proceeding.

Petitioner seeks reconsideration of the Court's September 16, 2019 Order. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Petitioner's motion raises no persuasive arguments for reconsideration. He reasserts claims and arguments already considered and denied by the Court and the Sixth

Circuit Court of Appeals. A motion predicated only upon a disagreement with an earlier ruling fails to allege sufficient grounds upon which to grant reconsideration. *See* L.R. 7.1(h)(3); *Herndon v. Heyns*, 702 F. App'x 325, 328 (6th Cir. 2017) (a motion for reconsideration may not be used to advance the same arguments already considered and rejected). The motion will be denied.

Also before the Court is Petitioner's motion to reopen habeas proceedings. He seeks to reopen and amend his habeas petition to "incorporate newly discovered previously suppressed exculpatory 'actual innocence' evidence." (ECF No. 348, PageID. 5882.) When a petitioner whose habeas petition has been denied files a motion asserting a federal basis for relief from a state court's judgment of conviction, the motion is properly considered a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must obtain authorization from the court of appeals to file a successive petition. 28 U.S.C. § 2244(b)(3)(A)

Here, Petitioner claims new evidence establishes his actual innocence and he seeks relief from the state court conviction. The motion is properly construed as a successive habeas petition and will be transferred to the Court of Appeals under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)

Accordingly, the Court DENIES Petitioner's Motion for Reconsideration (ECF No. 346).

The Court ORDERS the Clerk of Court to transfer Petitioner's Motion to Reopen Habeas Corpus Proceeding (ECF No. 348) to the Sixth Circuit Court of Appeals.

SO ORDERED.

                                                s/Arthur J. Tarnow
                                                ARTHUR J. TARNOW
                                                UNITED STATES DISTRICT JUDGE

Dated: September 2, 2020